# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.
Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

No new cases this week.

### SYLLABI

No. 17586—The State ex rel v. the Laughlin Coal Co. Error to the Court of Appeals of Tuscarawas county.

INSURANCE—State Industrial—Withdrawal of Insured—Coverage—Recovery of premium.

ALLEN, J.

Under the proivisions of 103 Ohio Laws, pages 72 to 92, an employer of more than five workman, who had previously been insured in the state insurance fund, notified the industrial commission upon March 22, 1918, of his intention to withdraw from the state insurance fund, and applied to the industrial commission for an audit of his books and for settlement in full. Thereafter, upon Sept. 15, 1918, the employer returned to the industrial commission a report of the actual payroll from March 26, 1918, to Sept. 26, 1918, and coverage was given the employer between those dates. Held:

That in such case the industrial commission is entitled to recover premiums from the employer for the period from March 26, 1918, to Sept. 26, 1918.
Judgment reversed.
Wanamaker, Matthias and Day, JJ., concur.

No. 17591—Mary Conrad, Admx., v. the Youghiogheny & Ohio Coal Co. Error to the Court of Appeals of Mahoning county.

WORKMEN'S COMPENSATION—(1) Injury after termination of employment, 102 OS. 1, followed; 91 OS. 205 distinguished—(2) Adjudication of claims—Second action against employer, when—(3) Estopel—(4) Exercise of options under 1456-76 GC.

JONES, J.

1. The Ohio Workman's Compensation Act does not apply to employes who may be injured after the termination of their daily employment, nor when, at the time of the injury, the relationship of employer and employe has ceased to subsist. (Industrial Commission v. Weigandt, 102 Ohio St. 1, followed; Zilch v. Bomgardner, 91 Ohio St. 205, distinguished.)

2. A legal representative of a killed employe can bring an action for damages as at common law against the employer, although such representative has therefore made application to the industrial commission for an award under the act, if the sole ground of rejection by the commission is that at the time of injury the deceased was not in the employ of the defendant or killed in the course of employment.

3. In any case, if the finding of the commission is in favor of the applicant, or if the latter accepts compensation under the act, the applicant would be estopped from institution any suit for damages resulting from the injury.

4. The options given to an employe or his legal representative by Section 1456-76, General Code, are confined to employes injured in the course of employment, and comprehend only those cases where the injury has arisen from the wilful act of the employer or from his failure to observe a lawful requirement. In such cases the employe or his representative may exercise his option either to institute proceedings under the act for damages or to make application for an award. But the selection of one of these remedies is a waiver of the right to pursue the other.
Judgment reversed.
Marshall, C. J., Wanamaker, Matthias, Day and Allen, JJ., concur.

No. 17759—Paul Radke v. State of Ohio. Error to the Court of Appeals of Cuyahoga county.

EVIDENCE—(1) Impeachment of witness, qualifications—(2) Relation to time of testimony—(3) Inquiry to lay foundation—(4) SEXUAL INTERCOURSE—Female under 16 incapable of giving consent—(5) Alibi definition disapproved.

WANAMAKER, J.

1. Before evidence may be offered impeaching one's general reputation for truth and veracity in the community in which he lives, the impeaching witness must show on preliminary examination either that he has for some time lived in that community or done business in that community, or some other relation to that community that would qualify him to speak as to the community's general opinion touching the reputation of the party sought to be impeached. The preliminary qualifications of the impeaching witness must be such as to advise the court and the jury that he has the means of knowing such general reputation of the witness sought to be impeached in the community in which the witness lives.

2. Evidence as to such general impeachment must relate to the time at which such witness testified, or reasonably near thereto.

3. Evidence relating to special impeachment tending to contradict some statement made by a witness in a cause on trial is not competent until the foundation is first laid by inquiring of the witness sought to be impeached as to whether or not, at some time and at some place, and to some person or persons, as definitely fixed or named as may be, he did not make some particular contradictory statement, advising the witness, at least in substance, what such statement was.

4. A female child under sixteen years of age is made by statute incapable of consent to any sexual relation.

5. The language, "An alibi is a defense that is easily proven, and hard to disprove," is not a correct statement of the law, and is disapproved.
Judgment affirmed.
Marshall, C. J., Day and Allen, JJ., concur.